# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 14-336V

**Filed: October 12, 2016**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

COLETTE YOUNG, as Executor of the     \*           UNPUBLISHED
Estate of JANET MOODY, Deceased,      \*

                                \*           Special Master Hamilton-Fieldman

          Petitioner,          \*

                                \*           Joint Stipulation on Damages;
v.                             \*           Tetanus-Diphtheria-acellular-
                                \*           Pertussis ("Tdap") Vaccine;
SECRETARY OF HEALTH           \*           Guillain Barré Syndrome ("GBS").
AND HUMAN SERVICES,         \*

                                \*
          Respondent.        \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

John R. Howie, Jr., Howie Law, P.C., Dallas, TX, for Petitioner.
Michael P. Milmoe, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On April 23, 2014, Colette Young ("Petitioner") petitioned for compensation, on behalf of Janet Moody, under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that the administration of the Tetanus-Diphtheria-acellular-Pertussis ('Tdap") vaccine, on April 19, 2011, caused Moody to develop Guillain-Barré Syndrome ("GBS").

The parties recently filed a stipulation, stating that a decision should be entered awarding

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. *See* 44 U.S.C. § 3501 (2012). Each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

compensation. Respondent denies that the Tdap vaccine is the cause of Moody's alleged GBS or any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate to the following vaccine compensation payments:

a) a lump sum of $215,006.21, which amount represents reimbursement of a State of California Medicaid lien, in the form of a check payable jointly to petitioner, and

> Department of Health Care Services
> Recovery Branch – MS 4720
> P.O. Box 997421
> Sacramento, CA 95899-7421
> Re: DHCS Account No.: C90478491F-VAC03 (Janet Moody)

b) a lump sum of $121,210.21, which amount represents reimbursement of a State of California Medicaid lien, in the form of a check payable jointly to petitioner, and

> Department of Health Care Services
> Recovery Branch – MS 4720
> P.O. Box 997421
> Sacramento, CA 95899-7421
> Re: DHCS Account No.: P90478491F-001 (Janet Moody)

> Petitioner agrees to endorse these two checks to the appropriate State agencies.

c) a lump sum of $530,904.83, in the form of a check payable to petitioner, as legal representative of the Estate of Janet Moody, representing all remaining damages available under 42 U.S.C. § 300aa-15(a).

Appendix A at 2-3.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties'

2

stipulation.[2]

        **IT IS SO ORDERED.**

                                            s/ Lisa Hamilton-Fieldman
                                            Lisa Hamilton-Fieldman
                                            Special Master

---

[2] Entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review. Vaccine Rule 11(a).

COLETTE YOUNG, as executor of the )
Estate of JANET MOODY, deceased, )
                         )
          Petitioner, )
                         )
v.                         )
                         )
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
                         )
          Respondent. )

No. 14-336V (ECF)
Special Master Hamilton-Fieldman

## STIPULATION

The parties hereby stipulate to the following matters:

1. Janet Moody ("Janet") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition sought compensation for injuries she suffered allegedly related to her receipt of the Tetanus-Diphtheria-acellular Pertussis ("Tdap") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a). After Janet died, Colette Young, Janet's daughter, was substituted as petitioner and filed an amended petition on Janet's behalf.

2. Janet received a Tdap vaccination April 19, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that Janet suffered Guillain Barre Syndrome ("GBS") which was caused-in-fact by the Tdap vaccine. Petitioner further alleges that Janet died on October 3, 2014, as a result of her GBS.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on Janet's behalf as a result of her alleged injury and death.

6. Respondent denies that the Tdap vaccine caused Janet's alleged GBS, or any other injury, and further denies that Janet's death on October 3, 2014, was a sequela of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a) a lump sum of $215,006.21, which amount represents reimbursement of a State of California Medicaid lien, in the form of a check payable jointly to petitioner, and

Department of Health Care Services
Recovery Branch - MS 4720
P.O. Box 997421
Sacramento, CA 95899-7421
Re: DHCS Account No.: C90478491F-VAC03 (Janet Moody)

b) a lump sum of $121,210.21, which amount represents reimbursement of a State of California Medicaid lien, in the form of a check payable jointly to petitioner, and

Department of Health Care Services
Recovery Branch - MS 4720
P.O. Box 997421
Sacramento, CA 95899-7421
Re: DHCS Account No.: P90478491F-001 (Janet Moody)

Petitioner agrees to endorse these two checks to the appropriate State agencies.

c) a lump sum of $530,904.83 in the form of a check payable to petitioner, as legal representative of the Estate of Janet Moody, representing all remaining damages available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a prepaid basis.

11. Payments made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of Janet Moody's estate under the laws of the State of California. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of Janet's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the estate of Janet Moody at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties

appointed by a court of competent jurisdiction to serve as legal representative of the estate of Janet Moody upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as legal representative of the Estate of Janet Moody, deceased, on her own behalf, and on behalf of Janet's heirs, executors, administrators, successors, and assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Janet resulting from, or alleged to have resulted from, the Tdap vaccination administered on April 19, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about April 23, 2014, in the United States Court of Federal Claims as petition No. 14-336V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or do any act or thing other than is herein expressly stated

and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap vaccine caused Janet's GBS or any other injury or contributed in any way to her death.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative of the Estate of Janet Moody.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

_COLETTE YOUNG_ (signature)
COLETTE YOUNG

ATTORNEY OF RECORD FOR
PETITIONER:

JOHN R. HOWIE, JR., ESQ.
Howie Law, P.C.
4040 N. CENTRAL EXPRESSWAY
Suite 850
Dallas, TX 75204
(214) 622-6340

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

NARAYAN NAIR, M.D.
Acting Director
Division of Injury Compensation Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4125

DATE: _October 4, 2016_